United States District Court
Southern District of Texas
ENTERED
November 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| DEBRA MAE EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:25-cv-261 |
| | § | |
| FREEDOM MORTGAGE CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING AS REVISED MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION**

On May 13, 2026, the court referred all pretrial matters in this case to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 30. Judge Edison filed a memorandum and recommendation on October 27, 2026, recommending that the defendant's motion to dismiss (Dkt. 8) be granted in part and denied in part. Dkt. 36.

Neither party has filed objections to the memorandum and recommendation. Accordingly, the court reviews it for plain error on the face of the record. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court has carefully considered the pleadings, the record, and the applicable law, and adopts Judge Edison's memorandum and recommendation as the opinion of the court, with the following revisions:

The court dismisses the plaintiff's claims for violations of 12 C.F.R. § 1024.35, 12 C.F.R. § 1024.38,[*] and 12 C.F.R. § 1024.39 ("the Regulations") because the Regulations do not convey a private right of action.

The Fifth Circuit has yet to decide the issue. *See Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 n.16 (5th Cir. 2016) ("[W]e need not reach the issue of whether a private right of action could be available under Section 1024.39."). But "[c]ourts in the Southern District of Texas have consistently recognized that these RESPA regulations do not contemplate a private right of action as a remedy." *Cockrell v. Selene Fin., LP*, No. 4:24-CV-1805, 2025 WL 2939278, at *5 (S.D. Tex. Oct. 16, 2025) (citing *Vallier v. Nationstar Mortg., LLC*, 2018 WL 1319166, at *5 (S.D. Tex. Feb. 1, 2018)); *Garza v. DHI Mortg. Co.*, No. 4:19-CV-00780, 2020 WL 7700620, at *8 n.6 (E.D. Tex. Nov. 12, 2020), *report and recommendation adopted,* 2020 WL 7698832 (E.D. Tex. Dec. 28, 2020) (collecting cases); *Ghattas v. Caliber Home Loans, Inc.*, No. 4:20-CV-0077, 2021 WL 536462, at *5 (S.D. Tex. Jan. 25, 2021), *report and recommendation adopted*, No. 4:20-CV-0077, 2021 WL 535575 (S.D. Tex. Feb. 12, 2021) (finding no private right under § 1024.38).

[*] Judge Edison recommended the court dismiss the plaintiff's § 1024.38 claim. Dkt. 36 at 7. The court applies different reasoning to reach the same result.

The court agrees with its sister courts. Unlike the text of § 1024.41(a), which states that "[a] borrower may enforce the [regulation's] provisions," the Regulations do not explicitly convey a private right. The court declines to create a private right of action where none exists and disagrees with the courts that have tried to impose one through extratextual sources.

Accordingly:

(1) Judge Edison's memorandum and recommendation (Dkt. 36) is approved and adopted as revised as the holding of the court;

(2) The court grants the defendant's motion to dismiss (Dkt. 8) with respect to the plaintiff's claims under 12 C.F.R. § 1024.35, 12 C.F.R. § 1024.38, and 12 C.F.R. § 1024.39, and her claims for negligence and gross negligence; and

(3) The defendant's motion to dismiss (Dkt. 8) is denied in all other respects.

Signed on Galveston Island this 23rd day of November, 2026.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE